**SO ORDERED.**

**SIGNED this 28 day of August, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

SCOTT D. STEWART and                            CASE NO. 11-04129-8-JRL
SUSAN G. STEWART,

                                                                                        **Chapter 11**

        DEBTORS.

**ORDER**

This matter came before the court on W. Vaughan Stanaland's ("Mr. Stanaland") motion for debtors to file tax documents. A hearing was held on August 14, 2012, in Wilmington, North Carolina.

The debtors filed their voluntary petition pursuant to chapter 11 of the Bankruptcy Code on May 27, 2011 and are currently operating as debtors-in-possession. The male debtor and Mr. Stanaland are each fifty percent owners and member-managers of Stanaland Stewart Company, LLC. It is undisputed that Mr. Stanaland is a contingent creditor in the debtors' case. On June 28, 2012, Mr. Stanaland filed the present motion, requesting that the debtors produce and/or file with the court their 2007 through 2010 federal individual income tax returns and their 2011 federal income tax returns, pursuant to § 1228 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The debtors objected to Mr. Stanaland's

request on July 13, 2012.

Section 1228—an uncodified provision of BAPCPA—provides that "[t]he court shall not confirm a plan of reorganization in the case of an individual under chapter 11 or 13 under title 11, United States Code, unless the requested tax documents have been filed with the court." It appears to the court that this provision, standing alone, does not provide Mr. Stanaland or other creditors with an independent right to demand tax documents from individual debtors, but rather, it only has significance if considered in conjunction with a provision of the Bankruptcy Code or similar authority. In other words, there must be some other provision that defines the scope of the "requested tax documents" referenced in § 1228 of BAPCPA. In the present case, the court finds that § 1228 must be read in conjunction with 11 U.S.C. § 521(e)(2), which provides:

> (A) The debtor shall provide--
>     (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) *for the most recent tax year ending immediately before the commencement of the case* and for which a Federal income tax return was filed; and
>      (ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.
>     (B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.
>     (C) If a creditor requests a copy of such tax return or such transcript and if the debtor fails to provide a copy of such tax return or such transcript to such creditor at the time the debtor provides such tax return or such transcript to the trustee, then the court shall dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return or such transcript is due to circumstances beyond the control of the debtor.

11 U.S.C § 521(e)(2) (emphasis added).

As Mr. Stanaland is a "creditor" for the purposes of § 521 and the debtors' case was filed in 2011, the court finds that Mr. Stanaland's request entitles him to a copy of the 2010 documents that were provided to the Bankruptcy Administrator—whether they be tax returns or transcripts thereof— in order to comply with § 521(e)(2).  However, in order to protect the debtors' privacy interests, the copied documents must be redacted in accordance with Federal Rule of Bankruptcy Procedure 9037(a).  Furthermore, Mr. Stanaland is disallowed from spreading the provided information beyond his attorney or others that are consulted in a professional capacity for the purpose of analyzing or interpreting the documents for use in this case.

Based on the foregoing, Mr. Stanaland's motion is **ALLOWED** in part and **DENIED** in part.

**END OF DOCUMENT**